IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RACHEL ROUNTREE GETMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:22-cv-38-SMD |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# **OPINION & ORDER**

Plaintiff Rachel Getman ("Getman") applied for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") alleging disability beginning July 1, 2018. Tr. 169, 171. Getman's application was denied at the initial administrative level. Tr. 173, 178. She then requested and received a hearing before an Administrative Law Judge ("ALJ") who found that Getman was not disabled. Tr. 15-32, 37, 188. Getman appealed to the Social Security Appeals Council ("Appeals Council"), which denied review. Tr. 1. Therefore, the ALJ's opinion became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Getman now appeals the Commissioner's decision under 42 U.S.C. § 405(g). For the reasons that follow, the undersigned REVERSES the Commissioner's decision and REMANDS for further proceedings.[1]

---

[1] Under 28 U.S.C. § 636(c), the parties have consented to the undersigned Chief United States Magistrate Judge conducting all proceedings and entering final judgment in this appeal. Pl.'s Consent (Doc. 5); Def.'s Consent (Doc. 6).

**I.      STATUTORY FRAMEWORK**

The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). In making a benefits determination, an ALJ employs a five-step process:

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or medically equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a); 20 C.F.R § 416.920(a)(4). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[2] A claimant bears the burden of proof through step four. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). The burden shifts to the Commissioner at step five. *Id.*

To perform the fourth and fifth steps, the ALJ must first determine the claimant's Residual Functional Capacity ("RFC"). *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004). A claimant's RFC is what the claimant can still do—despite their impairments— based on the relevant evidence within the record. *Id.* The RFC may contain both exertional and non-exertional limitations. *Id.* at 1242-43. Considering the claimant's

---

[2] *McDaniel* is an SSI case. SSI cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 875 n.* (11th Cir. 2012) (per curiam) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

RFC, the ALJ determines, at step four, whether the claimant can return to past relevant work. *Id.* at 1238. If a claimant cannot return to past work, the ALJ considers, at step five, the claimant's RFC, age, education, and work experience to determine if there are a significant number of jobs available in the national economy they can perform. *Id.* at 1239. To determine if a claimant can adjust to other work, the ALJ may rely on (1) the Medical Vocational Guidelines ("Grids")[3] or (2) the testimony of a vocational expert ("VE").[4] *Id.* at 1239-40.

## II.   STANDARD OF REVIEW

A federal court's review of the Commissioner's decision is limited. A court will affirm the Commissioner's decision if the factual findings are supported by substantial evidence and the ALJ applied the correct legal standards. *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). A court may reverse the Commissioner's final decision when it is not supported by substantial evidence, or the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). A court is required to give deference to factual findings, with close scrutiny to questions of law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

---

[3] The Grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. *See* 20 C.F.R. pt. 404 subpt. P, app. 2. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

[4] A vocational expert is an "expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips*, 357 F.3d at 1240.

For purposes of judicial review, "[s]ubstantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Despite the limited nature of review, a court must scrutinize the record in its entirety and take account of evidence that detracts from the evidence relied on by the ALJ. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987); *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). However, a court may not decide the facts anew or substitute its judgment for that of the Commissioner. *Cornelius*, 936 F.2d at 1145.

### III.  ADMINISTRATIVE PROCEEDINGS

Getman was 48 years old at the time of her hearing. Tr. 37, 155. She had completed at least four years of college and has previous work experience as a florist. Tr. 363.

In the administrative proceedings, the ALJ made the following findings with respect to the five-step evaluation process for Getman's disability determination. At step one, the ALJ found Getman has not engaged in substantial gainful activity since her alleged onset date. Tr. 21. At step two, the ALJ found Getman suffers from the following severe impairments: history of transient ischemic attacks, migraine headaches, paroxysmal tachycardia, dysautonomia, degenerative disc disease of the spine, anxiety disorder and affective mood disorder. Tr. 21. At step three, the ALJ found Getman does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 21.

The ALJ then determined Getman's RFC, finding she has the capacity to perform sedentary work with additional postural and environmental limitations. Tr. 20-21. At step four, the ALJ found Getman unable to perform any past relevant work. Tr. 30. At step five, the ALJ considered Getman's age, education, work experience, and RFC and found that jobs exist in significant numbers in the national economy that Getman can perform. Tr. 31. Accordingly, the ALJ found Getman was not disabled from her alleged onset date through the decision date. Tr. 31.

## IV.     GETMAN'S ARGUMENTS

Getman presents two arguments to the Court. First, Getman argues that the Appeals Council erred by failing to properly consider her new evidence. Pl.'s Br. (Doc. 13) pp. 7-12. Second, Getman contends that the ALJ's RFC is not based on substantial evidence. *Id*. at 12-15. As explained below, the undersigned finds that the ALJ did not properly account for Getman's migraine symptoms; therefore, the RFC is not supported by substantial evidence. Because the case is due to be remanded on Getman's second argument, the undersigned declines to address the first.

## V.     ANALYSIS

Getman argues that the ALJ erred by failing to account for the photosensitivity and/or photophobia that she experiences as part of her chronic migraines. Pl.'s Br. (Doc. 13) pp. 12-15; Pl.'s Reply (Doc. 22) pp. 3-4. Evidence of Getman's photosensitivity or photophobia is scattered throughout the record. For example, during a visit at the neurology clinic, it was noted that Getman has "intense photophobia phonophobia [sic]." Tr. 1179.

Additionally, during three separate office visits, CRNP Cluck could not examine Getman's eyes "due to significant photophobia[.]" Tr. 629, 669, 1172, 1176. Despite this evidence, the ALJ did not account for Getman's light sensitivity in the RFC, nor did he explain why he did not include such a limitation.

Determining a claimant's RFC is an issue reserved for the Commissioner. *Pate v. Comm'r of Soc. Sec.*, 678 F. App'x 833, 834 (11th Cir. 2017) (citing 20 C.F.R. § 404.1527(d)(2)). When making an RFC determination, an ALJ must consider the claimant's medical condition as a whole and must provide a sufficient rationale to link the evidence to his RFC determination so that a court may conduct a meaningful review of his findings. *See* 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3); *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). In other words, the "determination of [RFC] is within the authority of the ALJ and the assessment should be based upon all of the relevant evidence of a claimant's remaining ability to do work despite her impairments." *Beech v. Apfel*, 100 F. Supp. 2d 1323, 1330 (S.D. Ala. 2000) (citing 20 C.F.R. § 404.1546).

Here, the ALJ found that Getman's migraines were a severe impairment. Evidence throughout the record indicates that Getman experienced photophobia and photosensitivity resulting from the migraines. At times, Getman's photophobia and photosensitivity was described as "intense" and "significant" and it precluded her from being examined by medical professionals. *See* Tr. 400, 629, 669, 1172, 1176, 1179. Additionally, during the hearing before the ALJ, Getman's mother described Getman's house as "[v]ery, very dark

. . . like living in a cave." Tr. 60. She also testified that Getman "stays in the dark." Tr. 61. But despite this evidence, the ALJ referenced Getman's light sensitivity only once in his opinion, and, when he did, he merely noted that Getman experienced "some photophobia in her eyes." Tr. 26. This description of Getman's light sensitivity does not appear to be an accurate reflection of the evidence in the record.

Further, even when taking her medications properly, Getman still experienced migraines. *See* Tr. 26-29. Nonetheless, the ALJ did not include a limitation in Getman's RFC related to light sensitivity nor did he otherwise explain why light sensitivity did not interfere with her ability to work despite ongoing migraines. Absent an explanation or a limitation in the RFC, the undersigned finds that the ALJ's RFC is not supported by substantial evidence. As such, the case should be remanded for further proceedings. *See Southard v. Saul*, 2019 WL 7285554, at *4 (W.D. Ok. Dec. 27, 2019) (remanding because the ALJ did not address the claimant's photophobia arising from her migraines).

## VI. CONCLUSION

For the reasons above, it is

ORDERED that the Commissioner's decision is REVERSED and REMANDED. A separate judgment will issue.

DONE this 7th day of September, 2023.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE